# EXHIBIT A

Process Server/Sheriff
JUN 16 2026
SERVED

**MORGAN & MORGAN, PLLC**
**Matthew Segal, Esquire**
Matthew.segal@forthepeople.com
Identification No. 334205
One Commerce Square
2005 Market Street, Suite 600
Philadelphia, PA 19103
215-576-4914 (Phone)
267-780-2914 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the Office of Judicial Records 09 JUN 2026 04:24 pm BREWINGTON

| | |
|---|---|
| **ROSA ALLISON**<br>2707 CRANSTON ROAD, SECOND FLOOR<br>PHILADELPHIA, PA 19131<br>Plaintiff,<br>v.<br>**WALMART SUPERCENTER #2141**<br>675 S CHRISTOPHER COLUMBUS BLVD<br>Philadelphia, PA 19148<br>&.<br>**WALMART STORES EAST LP**<br>702 SOUTH WEST 8TH STREET<br>BENTONVILLE, AR 72716<br>&.<br>**JOHN DOE 1-10**<br>Defendants. | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL TRIAL DIVISION**<br><br>**No.**<br><br>**COMPLAINT** |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA**

Docusign Envelope ID: B7183F46-DC83-8D69-8135-7CDB75BD80F2

**CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Rosa Allison, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart Supercenter #2141, is a business operating under the laws of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises, in whole or in part, and the equipment and/or machines used in the store by their employees, located at or near the 675 S Christopher Columbus Blvd, Philadelphia, PA 19148 (hereinafter "the Premises").

3. Defendant, Walmart Stores East LP, is business operating under the laws of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, and the equipment and/or machines used in the store by their employees.

4. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information who at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, and the equipment and/or machines used in the store by their employees.

5. At all times material hereto, the above identified defendants (hereinafter

Docusign Envelope ID: B7183F46-DC83-8D69-8135-7CDB75BD80F2

collectively referred to as the "Defendants") acted by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives for the care, control, and/or safety of the Premises in whole or in part, and the sidewalk thereon.

6. On or about June 12, 2025, Plaintiff, Rosa Allison, was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence, carelessness, and/or recklessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, when the Plaintiff was forcefully struck in the back with equipment and/or machines being operated by a Walmart employee .

7. Defendants acted negligently and/or carelessly and/or recklessly by disregarding dangerous and hazardous conditions related to the operation of the equipment and/or machines used in the store by their employees at the Premises and by failing to repair said dangerous and hazardous conditions despite prior knowledge and repeated notice of the condition; which posed a significant and probable risk of serious bodily injury to Plaintiff.

8. As a direct and proximate result of Defendants' negligent and/or careless and/or reckless conduct, jointly and/or severally, as described elsewhere in this Complaint, Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical, thoracic, and lumbar spine injuries; cervicalgia; thoracic spine pain with sprain/strain and contusion of the thoracic back wall; lumbar pain; L4-L5 spondylolisthesis/anterolisthesis with left L5 radiculopathy; aggravation and/or exacerbation of pre-existing degenerative changes of the cervical, thoracic, and lumbar

spine; bilateral hip pain; rib pain; bilateral lower-extremity pain and weakness, including left lower-extremity radicular symptoms; muscle spasms; and associated pain, discomfort, loss of mobility, sleep disturbance, and limitation in the performance of her usual and customary activities. Plaintiff has required medical treatment, diagnostic imaging, physical therapy, and pain/spine management, and may continue to require same in the future.

9. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite amount of time.

10. As an additional result of the negligence, carelessness, and/or recklessness of the Defendants, jointly and/or severally Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, loss of income and potential income, and emotional distress.

11. Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

12. As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

Docusign Envelope ID: B7183F46-DC83-8D69-8135-7CDB75BD80F2

**COUNT I**

**ROSA ALLISON V. WALMART SUPERCENTER #2141**

**Personal Injury**

13. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

14. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the Premises and the equipment and/or machines used thereon;
b) failing to inspect, maintain, and/or repair the equipment and/or machines used on the Premises;
c) failing to undertake timely monitoring, inspections, and care of the equipment and/or machines on the Premises;
d) failing to prevent and/or remove a dangerous equipment and/or machines from the Premises;
e) failing to provide warnings to alert customers that employees were pushing equipment and/or machines in the area at issue;
f) failing to provide sufficient warnings to alert customers that employees were pushing equipment and/or machines in the area at issue,
g) failing to properly train employees about safe operation of equipment and/or machines within the Premises;
h) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
i) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;
j) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
k) failing to remove the dangerous and hazardous condition from the Premises;
l) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
m) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
n) failing to exercise reasonable care for the safety of the Plaintiff;
o) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area where Defendant's employee was pushing equipment and/or machines, when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed

p) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
q) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the Subject Premises, but failing to remedy a dangerous and hazardous condition on the Subject Premises despite having sufficient time to do so; and
r) disregarding a dangerous and hazardous condition on the Premises, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Rosa Allison**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**COUNT II**

**ROSA ALLISON V. WALMART STORES EAST LP**

**Personal Injury**

15. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

16. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the Premises and the equipment and/or machines used thereon;
b) failing to inspect, maintain, and/or repair the equipment and/or machines used on the Premises;
c) failing to undertake timely monitoring, inspections, and care of the equipment and/or machines on the Premises;
d) failing to prevent and/or remove a dangerous equipment and/or machines from the Premises;
e) failing to provide warnings to alert customers that employees were pushing equipment and/or machines in the area at issue;
f) failing to provide sufficient warnings to alert customers that employees were

pushing equipment and/or machines in the area at issue,

g) failing to properly train employees about safe operation of equipment and/or machines within the Premises;
h) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
i) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;
j) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
k) failing to remove the dangerous and hazardous condition from the Premises;
l) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
m) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
n) failing to exercise reasonable care for the safety of the Plaintiff;
o) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area where Defendant's employee was pushing equipment and/or machines, when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed
p) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
q) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the Subject Premises, but failing to remedy a dangerous and hazardous condition on the Subject Premises despite having sufficient time to do so; and
r) disregarding a dangerous and hazardous condition on the Premises, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Rosa Allison**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**COUNT III**

**ROSA ALLISON v. JOHN DOE 1-10**

**Personal Injury**

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the Premises and the equipment and/or machines used thereon;
b) failing to inspect, maintain, and/or repair the equipment and/or machines used on the Premises;
c) failing to undertake timely monitoring, inspections, and care of the equipment and/or machines on the Premises;
d) failing to prevent and/or remove a dangerous equipment and/or machines from the Premises;
e) failing to provide warnings to alert customers that employees were pushing equipment and/or machines in the area at issue;
f) failing to provide sufficient warnings to alert customers that employees were pushing equipment and/or machines in the area at issue,
g) failing to properly train employees about safe operation of equipment and/or machines within the Premises;
h) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
i) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;
j) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
k) failing to remove the dangerous and hazardous condition from the Premises;
l) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
m) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
n) failing to exercise reasonable care for the safety of the Plaintiff;
o) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area where Defendant's employee was pushing equipment and/or machines, when Defendant's knew, or should have known, of the dangerous and hazardous

conditions which existed

p) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
q) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the Subject Premises, but failing to remedy a dangerous and hazardous condition on the Subject Premises despite having sufficient time to do so; and
r) disregarding a dangerous and hazardous condition on the Premises, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Rosa Allison**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**MORGAN & MORGAN, PLLC**

Dated: June 9, 2026 **By:** _s/ Matthew Segal_______________
**Matthew Segal, Esquire**
**Attorney for Plaintiff**

Docusign Envelope ID: B7183F46-DC83-8D69-8135-7CDB75BD80F2

**VERIFICATION**

I, Rosa Allison, hereby state that I am the Plaintiff, that I have reviewed the foregoing document, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

6/9/2026 | 3:07 PM EDT **By:** Rosa Allison

**Rosa Allison**